**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jomari E. Alexander, Sr.,<br><br>Plaintiff,<br><br>v.<br><br>Steele County Jail, et al.,<br><br>Defendants. | Case No. 13-cv-796 (SRN/FLN)<br><br>**ORDER** |

Jomari E. Alexander, Sr., 2706 17th Ave South, Minneapolis, MN 55407, pro se Plaintiff.

Jason M. Hill, Johnson & Lindberg, PA, 780 Northland Plaza, 3800 American Boulevard West, Minneapolis, MN 55431-4459, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Objections [Doc. No. 82] to United States Magistrate Judge Franklin L. Noel's July 31, 2014, Report and Recommendation ("R & R"). The magistrate judge recommended that Plaintiff's Motion for Summary Judgment and/or Sanctions [Doc. No. 46] and Motion for Entry of Judgment [Doc. No. 56] be denied, and Defendants' Motion for Summary Judgment [Doc. No. 60] be granted. (R & R at 24-25 [Doc. No. 81].) For the reasons set forth below, Plaintiff's objections are overruled and the Court adopts the R & R in its entirety.

## II. BACKGROUND

The magistrate judge's R & R thoroughly documents the factual and procedural

background of the case, which is incorporated here by reference. The claims in this case arise from alleged mistreatment Plaintiff experienced while detained at the Steele County Detention Center in July 2010. (See Compl. [Doc. No. 1-1].)

Plaintiff alleges that on July 9, 2010, Defendant, Officer Al Kubat, "sexually assaulted [Plaintiff] during a routine pat[-down] search by grabbing his penis and testicles and pulling them" until Plaintiff physically moved Officer Kubat's right hand. (Pl.'s Mot. for Summ. J. at 5 [Doc. No. 46].) Officer Kubat claims (Jason Hill Aff., Ex. E ("Hill Aff., Ex. E"), at 2-3 [Doc. No. 63-2]) and Plaintiff admits that during the pat-down Plaintiff made threatening comments to Officer Kubat (Alexander Aff., Ex. 19, Hearing Findings ("Hearing Findings"), at 1-2 [Doc. No. 52-1]). As a result of this pat-down incident, Plaintiff immediately logged a complaint in the detention center's kiosk system. (Pl.'s Mot. for Summ. J., Ex. 7 [Doc. No. 48-1].) Two days later, Plaintiff requested to see a psychologist. (Hill Aff., Ex. E at 10-11 [Doc. No. 63-2].) Upon learning that a psychologist was unavailable that day, Plaintiff began to kick the walls of his cell, yell, and threatened to kill the officer on duty, Sergeant Richelle Olson-Cowden. (Id.) Officer Kubat admitted that it was possible that he "bumped something on Inmate Alexander as [he] was coming down [Alexander's] thigh." (Id. at 2.) Unfortunately, a surveillance video of the pat-down does not adequately capture the alleged incident. (Hill Aff., Ex. F. [Doc. No. 63].) The pat-down occurred outside of the camera angle's view.[1] (See id.) Furthermore, the video does not

[1] Plaintiff objects to the magistrate judge's interpretation that the video is not informative. (Pl.'s Obj. at 4 [Doc. No. 82].) This objection is without merit. Magistrate Judge Noel correctly explains that "a wall largely obstructs the pat-down from view." (R & R at 4, fn. 2 [Doc. No. 81].)

include audio, and therefore, cannot corroborate the verbal exchange between Officer Kubat and Plaintiff. (See id.) Nevertheless, for the purposes of this motion, the Court assumes that Officer Kubat grabbed Plaintiff's genitals.

Jail Administrator Dan Schember reported Plaintiff's sexual assault allegation to the Steele County Sheriff's Office, pursuant to the Sheriff's Office procedure. (Decl. of Dan Schember ("Schember Decl."), ¶ 3 [Doc. No. 65].) Officer Gary Okins of the Steele County Sheriff's Office completed an investigation of the incident. (Alexander Aff., Ex. 9 [Doc. No. 48-2, 48-3].) After reviewing the report, Steele County Attorney Dan McIntosh directed Okins to close the investigation because there was "no intent and no crime doing a pat down which is the Correctional Officer[']s job." (Alexander Aff., Ex. 9 [Doc. No. 48-3].)

Officer Kubat charged Plaintiff with a "major violation no. 4" for threats he made during the pat-down on July 9, 2010. (Hill Aff., Ex. E at 2 [Doc. No. 63-2].) As a result of this charge, Plaintiff was transferred into "lockdown." (Id. at 4.) During this "lockdown" period Plaintiff alleges that Sergeant Olson-Cowden and Officer Jason Krohn retaliated against him for filing a sexual assault claim. (Compl. ¶¶ 3-8 [Doc. No. 1-1].) Specifically, Plaintiff claims that (1) Officer Krohn taunted him with food and threw a food tray on the floor (Pl.'s Mot. for Summ. J. at 16-17 [Doc. No. 46]); (2) Sergeant Olson-Cowden punished Plaintiff for the tray on the floor by ordering that Plaintiff's subsequent meals consist of "nutra loaf" (Hill Aff., Ex. E at 8 [Doc. No. 63-2]); (3) Sergeant Olson-Cowden taunted Plaintiff with a divorce petition from Plaintiff's wife (Pl.'s Mot. for Summ. J. at 17-18 [Doc. No. 46]); and (4) Officer Krohn slammed Plaintiff's arms in the cell door while

Plaintiff attempted to reach for his lunch (Compl. ¶ 8 [Doc. No. 1-1]).

On July 12, 2010, Plaintiff was transferred back to Department of Corrections ("DOC") custody. (Decl. of Richelle Olson-Cowden ("Olson-Cowden Decl."), ¶10 [Doc. No. 66].) In DOC custody he had a due process hearing to address the disciplinary charges that he received at the Steele County Detention Center. (Pl.'s Mot. for Summ. J. at 23 [Doc. No. 46].) During the hearing, Plaintiff admitted to several rule violations for "disobeying a direct order," "threatening others," and "disorderly conduct." (Hearing Findings at 1-2 [Doc. No. 52-1].)

Plaintiff originally filed this lawsuit pro se on March 25, 2013, in Steele County District Court, against the Steele County Jail, Sergeant Richelle Olson-Cowden, Officer Al Kubat, Officer Jason Krohn, and Jail Administrator Dan Schember. (See Compl. [Doc. No. 1-1].) Plaintiff alleged several civil rights claims stemming from the pat-down incident. (Id.) On April 5, 2013, Defendants filed a Notice of Removal to the United States District Court. (Notice of Filing of Notice of Removal [Doc. No. 1-2].) Even after prolonged discovery, Plaintiff refused to comply with Magistrate Judge Noel's order to compel initial disclosures and responses to other discovery requests. (Order Granting Mot. to Compel [Doc. No. 18].) The magistrate judge then imposed evidentiary sanctions on Plaintiff (Order Granting Evidentiary Sanctions [Doc. No. 38]) and ordered Plaintiff to pay Defendants' attorney's fees (Order Granting Defs. Att'ys Fees [Doc. No. 40]).

On January 17, 2014, Plaintiff filed his Motion for Summary Judgment and/or Sanctions [Doc. No. 46]. On January 30, 2014, Plaintiff filed a motion to enter judgment because he believed Defendants failed to timely defend [Doc. No. 56]. On February 7,

2014, Defendants timely filed a cross-motion for summary judgment [Doc. No. 62]. This matter was referred to the magistrate judge pursuant to 28 U.S.C. § 636 [Doc. No. 68], and he heard the cross-motions on March 28, 2014 [Doc. No. 78]. On July 31, 2014, Magistrate Judge Noel recommended that: (1) Plaintiff's Motion for Summary Judgment and/or Sanctions [Doc. No. 46] and Motion for Entry of Judgment [Doc. No. 56] be denied; (2) Defendants' Motion for Summary Judgment [Doc. No. 60] be granted; and (3) the case be dismissed with prejudice. (R & R at 24-25 [Doc. No. 81].) Plaintiff filed Objections to the R & R on August 14, 2014 [Doc. No. 82]. Defendants filed a Response to Plaintiff's Objections on August 28, 2014 [Doc. No. 83].

## III. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D. Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the R & R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). Ordinarily, the district judge relies on the record of proceedings before the magistrate judge. D. Minn. LR 72.2(b)(3).

As to the underlying summary judgment motions, summary judgment must be granted if the movant shows that no genuine dispute of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" if "it might affect the outcome of the suit under the governing law," and a

dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When ruling on a summary judgment motion, "[t]he [C]ourt views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996) (citation omitted). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256; see also Moody v. St. Charles Cnty, 23 F.3d 1410, 1412 (8th Cir. 1994) (holding that "[w]ithout some evidence other than [Plaintiff's] own naked assertions…, summary judgment was appropriately granted…"). In addition, summary judgment is appropriate when the nonmoving party fails "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**B. Objections**

Plaintiff's Objections to the R & R were timely filed on August 14, 2014. (Pl.'s Obj. [Doc. No. 82].) In light of plaintiff's pro se status, the Court interprets Plaintiff's objections liberally. However, even with the most liberal construction, Plaintiff's objections fail.

Plaintiff raises approximately a dozen objections to the R & R. The objections may be grouped into the following categories: (1) the magistrate judge incorrectly ruled

on Plaintiff's Eighth Amendment sexual assault claim; (2) the magistrate judge incorrectly ruled on Plaintiff's First Amendment retaliation claims; (3) the magistrate judge incorrectly concluded that Defendants are entitled to qualified and absolute immunity; (4) the dismissal of this case will adversely affect Plaintiff's potential state law claim; (5) the R & R is inconsistent with the Prison Rape Elimination Act; and (6) the R & R reflects bias and failure to carefully examine the record. Below, Plaintiff's objections are addressed in detail.

**1. Eighth Amendment Sexual Assault Claim**

Plaintiff objects to the magistrate judge's ruling on his Eighth Amendment claim based on the alleged sexual assault, arguing that he has presented enough evidence to substantiate the sexual assault claim. (Pl.'s Obj. [Doc. No. 82, at 1-5].) As noted above, a party opposing a motion for summary judgment may not rest on mere allegations or denials, but must set forth facts in the record showing that there is a genuine issue for trial. Anderson, 477 U.S. at 256. Thus, the plaintiff "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Bacon v. Hennepin Cnty. Med. Ctr., 550 F.3d 711, 716 (8th Cir. 2008) (quotations and citations omitted).

Pursuant to Berryhill v. Schriro, "[t]o succeed on an Eighth Amendment claim under this standard, the plaintiff must demonstrate (1) that the conditions were objectively sufficiently serious or caused an objectively serious injury to the plaintiff, and (2) that the defendants were deliberately indifferent, or acted with reckless disregard, to inmate constitutional rights, health, or safety." 137 F.3d 1073, 1076 (8th Cir. 1998). The

Eighth Circuit Court of Appeals explained that "some actual injury must be shown and the extent of the injury and pain suffered are relevant concerns in determining whether the conduct amounts to cruel and unusual punishment." Id. at 1077 (citing White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994)). In Berryhill, the plaintiff alleged that civilian maintenance workers grabbed his buttocks and caused him to suffer psychological distress and asthma attacks. Id. at 1074-75. The Eighth Circuit held that this "brief unwanted touch," id., was an insufficient injury because "only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment," Whitley v. Albers, 475 U.S. 312, 319 (1986) (quotations and citation omitted).

For the purposes of Defendants' Motion for Summary Judgment, the Court accepts Plaintiff's claim that Officer Kubat grabbed his genitalia during the pat-down.[2] Nonetheless, the Court agrees with the magistrate judge that this "incident of unwanted touching" (R & R at 12, [Doc. No. 81]) is insufficient to meet the "objectively sufficiently serious" standard mandated under Berryhill. Berryhill, 137 F.3d at 1076; see also Watson v. Jones, 980 F.2d 1165 (8th Cir. 1992) (reversing grant of summary judgment for defendant and holding that a material factual dispute existed as to whether defendant sexually harassed plaintiffs almost daily for a period of two months). Plaintiff cannot demonstrate that the unwelcome touch amounted to an unnecessary and wanton

---

[2] Plaintiff contends that the magistrate judge did not assume that Officer Kubat grabbed Plaintiff's genitalia. (Pl.'s Obj. at 1-2 [Doc. No. 82].) However, Magistrate Judge Noel clearly stated that he "accepts Alexander's claim that Officer Kubat grabbed his penis and testicles during the pat-down." (R & R at 12 [Doc. No. 81].)

infliction of pain. [3] See Whitley, 475 U.S. at 319.

As to evidence of "actual injury," Plaintiff requested to see a psychologist while he was in the Steele County Jail. (Hill Aff., Ex. E at 10-11 [Doc. No. 63-2].) He reacted aggressively and was "visibly upset" when he was informed that a psychologist was unavailable. (R & R at 7 [Doc. No. 81].) Additionally, Plaintiff stated in his response to interrogatories that he later "sought [psychological] treatment at Allina Clinic in Faribault, MN" with "Dr. Kuele." (Hill Aff., Ex. G at 22 [Doc. 63-2].) Noting Plaintiff's request to see a psychologist at the jail, the magistrate judge concluded that "the record [was] void of any evidence showing that Alexander suffered from some form of actual injury." (R & R at 12 [Doc. No. 81].) In fact, Plaintiff refused to present evidence to Magistrate Judge Noel to substantiate his claim of emotional trauma, asserting that he would only detail his injuries by speaking to a jury or through publishing a forthcoming book. (Hill Aff., Ex. H, Pl.'s Resp. to Interrogs. [Doc. No. 63].) While Plaintiff claims that the magistrate judge ignored the severity of his emotional harm as a result of the assault (Pl.'s Obj. at 3 [Doc. No. 82]), the Court rejects this argument. Even coupling Plaintiff's request to speak with a psychologist with (1) his aggressive reaction, and (2) any alleged additional psychological treatment that he may have subsequently received,

---

[3] Plaintiff also argues that the Court should take into account additional abuse that "spans a 10 year period," not alleged in his Complaint, when determining the sufficiency of his Eighth Amendment claim. (Pl.'s Obj. at 6 [Doc. No. 82].) The Court disagrees. Insofar as Plaintiff asserts that the alleged additional abuse strengthens his sexual assault claim, Plaintiff's argument fails because he does not produce corroborating evidence to substantiate his bare allegation. Insofar as Plaintiff contends that the alleged additional abuse constitutes the basis for a separate Eighth Amendment claim, Plaintiff's argument fails because he did not raise this allegation in his Complaint. (See Compl. [Doc. No. 1-1].)

the evidence is insufficient to overcome summary judgment. The Court agrees with the magistrate judge that Plaintiff failed to present adequate evidence of "actual injury."

**2. First Amendment Retaliation Claims**

Plaintiff contends that the magistrate judge failed to sufficiently consider his First Amendment retaliation claims. Plaintiff alleges that Defendants retaliated against him because he filed a sexual assault grievance against Officer Kubat. (See generally Compl. [Doc. No. 1-1].) In order to establish a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must show that (1) he was "engaged in constitutionally protected activity," (2) a government official's "adverse action caused [him] to suffer an injury which would 'chill a person of ordinary firmness from continuing…in that activity,'" and (3) "the adverse action was motivated in part by…exercise of h[is] constitutional rights." Naucke v. City of Park Hills, 284 F.3d 923, 927-28 (8th Cir. 2002) (quoting Carroll v. Pfeffer, 262 F.3d 847, 850 (8th Cir. 2001)). In this case, Plaintiff must show that the alleged retaliatory action was sufficiently severe to "chill an inmate of ordinary firmness from filing grievances." Lewis v. Jacks, 486 F.3d 1025, 1029 (8th Cir. 2007) (citing Dixon v. Brown, 28 F.3d 379, 379 (8th Cir. 1994)). Magistrate Judge Noel concluded that no genuine issues of fact exist pertaining to Plaintiff's First Amendment retaliation claims and Defendants are entitled to judgment as a matter of law. (R & R at 17-20 [Doc. No. 81].)

Plaintiff objects to the magistrate judge's determination that Defendants did not retaliate against Plaintiff by placing him in "lockdown" after he reported the alleged sexual assault. (Pl.'s Obj. at 2 [Doc. No. 82].) Plaintiff must show that the transfer

would not have occurred *but for* the alleged retaliatory purposes. See Ponchik v. Bogan, 929 F.3d 419 420 (8th Cir. 1991) (affirming summary judgment where district court applied the "but for" test to an alleged retaliatory transfer). As the Eighth Circuit explained in Hartsfield v. Nichols, "a defendant may successfully defend a retaliatory discipline claim by showing 'some evidence' the inmate actually committed a rule violation." 511 F.3d 826, 829 (8th Cir. 2008) (citing Goff v. Burton, 7 F.3d 734, 738-39 (8th Cir. 1993). Here, Magistrate Judge Noel correctly concluded that the "lockdown" disciplinary charge was imposed for an "actual violation of prisoner rules or regulations." Goff, 7 F.3d at 738. Plaintiff was disciplined for making threatening comments to Officer Kubat during the pat-down incident. (Hill Aff., Ex. E at 2-3 [Doc. No. 63-2]; Hearing Findings at 1-2 [Doc. No. 52-1].) In fact, during Plaintiff's DOC disciplinary hearing, he admitted to making such comments. (Alexander Aff., Ex. 26, "Report Written by Sgt. Olson-Cowden" [Doc. No. 52-3].) Therefore, the magistrate judge properly concluded that "Alexander fails to raise a genuine issue of material fact regarding his transfer to segregation…providing no evidence that but for the alleged retaliatory purposes, he would not have been transferred." [4] (R & R at 19 [Doc. No. 81].)

Plaintiff also contends that the magistrate judge ignored evidence of retaliation by Sergeant Olson-Cowden and Officer Krohn. (Pl.'s Obj. at 4-5 [Doc. No. 82].) He alleges

---

[4] Plaintiff claims that the "lockdown" was structured to circumvent his right to a due process hearing. (Pl.'s Obj. at 4 [Doc. No. 82].) However, he fails to present any evidence to support this claim. Furthermore, the evidence demonstrates that Plaintiff was entitled to and had a DOC disciplinary hearing in which he discussed the alleged sexual assault and admitted to behavioral rule violations, which led to the "lockdown." (Hearing Findings at 1-2 [Doc. No. 52-1]).

that Sergeant Olson-Cowden came to Plaintiff's door three times while he was in "lockdown," and attempted to give Plaintiff "legal papers" or a divorce petition from his wife.[5] (Id.) The magistrate judge correctly determined that Plaintiff failed to present evidence demonstrating that this conduct was done in retaliation by Sergeant Olson-Cowden. (R & R at 20 [Doc. No. 81].) In his Objections, Plaintiff further states that the evidence demonstrates that Officer Krohn smashed Plaintiff's arms against the window of his cell while he was delivering Plaintiff's lunch. (Id. at 5.) He also asserts that Officer Krohn mopped the window behind Plaintiff's head to taunt him.[6] (Id.) Plaintiff must provide evidence other than his "naked assertions" to demonstrate a genuine issue of material fact. Moody v. St. Charles Cnty, 23 F.3d 1410, 1412 (8th Cir. 1994). Magistrate Judge Noel correctly determined that "Alexander provided no evidence pertaining to these events beyond his own assertion that they took place and has offered no evidence in support of his contention that the events were done in retaliation." (R & R at 20 [Doc. No. 81].)

Plaintiff also objects to the magistrate judge's finding that Jail Administrator Schember properly investigated Plaintiff's sexual assault claim. (Pl.'s Obj. at 3-4 [Doc.

---

5 Additionally, Plaintiff claims that video capturing interactions between him and Sergeant Olson-Cowden has been edited to misrepresent exchanges between the two. (Id.) Other than his bare assertion, Plaintiff failed to present evidence to support his claim that video footage was edited. Furthermore, Plaintiff did not submit this footage as evidence to the Court.

6 Plaintiff argues that the magistrate judge incorrectly interpreted video evidence of Officer Krohn mopping up a spilled food tray in Plaintiff's cell. (Pl.'s Obj. at 5 [Doc. No. 82].) However, Plaintiff did not submit this video footage as evidence to the Court. Even if he had submitted such evidence, it would not be indicative of retaliation by Officer Krohn.

No. 82].) Plaintiff's concerns about the investigation are two-fold. First, he contends that Defendants delayed providing the video of the pat-down to him. (Id. at 4.) Second, Plaintiff asserts that Steele County Sheriff Officer Gary Okins, the individual who completed the investigation and report (Alexander Aff., Ex. 9 [Doc. No. 48-2, 48-3]), was not a suitably neutral outside investigator. (Pl.'s Obj. at 4 [Doc. No. 82].)

As to Plaintiff's objection concerning discovery, any delay was irrelevant to the magistrate judge's finding that the pat-down incident was properly investigated. Regarding the outside investigator, Magistrate Judge Noel found that the investigation was completed "in accordance with sheriff office procedure." (R & R at 4 [Doc. No. 81].) The Steele County Sheriff's Office is, in fact, a separate entity from the Steele County Detention Center and conducts external investigations of inmate complaints. (See Alexander Aff., Ex. 9 [Doc. No. 48-2, 48-3].) Therefore, Plaintiff's objection to the validity of the investigation also fails.

Although asserted in support of Plaintiff's Eighth Amendment claim, Plaintiff argues that the Court should take into account the alleged retaliatory acts by detention center officials when determining whether he asserts a sufficient Eighth Amendment claim. (Pl.'s Obj. at 5-6 [Doc. No. 82].) To the extent that Plaintiff attempts to bolster his Eighth Amendment sexual assault claim by merging it with his First Amendment retaliation claims, it fails for the reasons set forth above. Plaintiff cannot merge these two claims. The Court agrees with the magistrate judge that Plaintiff's evidence of actual injury is insufficient to warrant an Eighth Amendment claim.

**3. Qualified and Absolute Immunity**

Plaintiff objects to the magistrate judge's findings about Defendants' "qualified" and "absolute" immunity. (Pl.'s Obj. at 6 [Doc. No. 82].) Plaintiff asserts that the magistrate judge granted qualified immunity to Defendants. (Id.) However, as Defendants properly note in their Response, Magistrate Judge Noel did not grant such immunity. (Defs.' Resp. to Pl.'s Obj. at 5 [Doc. No. 83].) The magistrate judge did not complete the qualified immunity analysis because he concluded that the relevant facts did not substantiate Eighth Amendment or First Amendment constitutional violations. (R & R at 22 [Doc. No. 81]; see Pearson v. Callahan, 555 US 223, 231-32 (2009) (explaining that in resolving government officials' qualified immunity claims, courts must determine whether facts alleged by a plaintiff make out a violation of a constitutional right).)

As to absolute immunity, Plaintiff objects to Magistrate Judge Noel's conclusion that Plaintiff's official capacity claims against Defendants fail. (Pl.'s Obj. at 6 [Doc. No. 82].) For official capacity liability, "the government entity itself must be the 'moving force' behind the constitutional violation." Polk County v. Dodson, 454 US 312, 326 (1981) (citing Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 694 (1981)). However, Plaintiff fails to allege that any of Defendants' policies violated his constitutional rights. Therefore, the magistrate judge correctly determined that Plaintiff's official capacity claims fail. (R & R at 23 [Doc. No. 81].)

**4. Dismissal with Prejudice**

Plaintiff objects to the magistrate judge's recommendation to dismiss his case with prejudice. (Pl.'s Obj. at 6 [Doc. No. 82].) Plaintiff misunderstands how dismissing this

federal case will affect a potential state law conversion claim. (See R & R at 21 [Doc. No. 81] ("Because an adequate post-deprivation remedy of conversion is available to Alexander, the seizure of property claim fails as a matter of law.").) Dismissal of Plaintiff's § 1983 claims has no bearing on the availability of the state law remedy for conversion. Thus, this objection lacks merit.

**5. Prison Rape Elimination Act of 2003**

Plaintiff further objects to the R & R because he contends that Magistrate Judge Noel's recommendations are inconsistent with the Prison Rape Elimination Act (PREA) of 2003. (Pl.'s Obj. at 4, 7 [Doc. No. 82]; see 42 U.S.C. § 15601 et seq.) However, the PREA "does not create a right of action that is privately enforceable by an individual civil litigant." LeMasters v. Fabian, 2009 WL 1405176 (D. Minn. 2009). Therefore, Plaintiff fails to state an actionable claim for relief based on this statute.

**6. Bias Reflected in R & R**

Finally, Plaintiff objects to the R & R on the grounds of bias and failure to carefully examine the record. (Pl.'s Obj. at 1 [Doc. No. 82].) Plaintiff's only basis for alleging bias is that the magistrate judge has denied Plaintiff's past motions and granted Defendants' motions in full or in part. (Id.) Magistrate Judge Noel's liberal construction of Plaintiff's pleadings, his thorough recitation of facts, and complete discussion of each legal claim evidences his unbiased review and high level of care in examining the record. (See generally R & R [Doc. No. 81].) Therefore, Plaintiff's allegations of bias are meritless.

## IV. ORDER

The Court **OVERRULES** Plaintiff's Objections [Doc. No. 82] and **ADOPTS** the Magistrate Judge's July 31, 2014, Report and Recommendation [Doc. No. 81].

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation [Doc. No. 81] is **ADOPTED**;
2. Plaintiff's Motion for Summary Judgment and/or Sanctions [Doc. No. 46] is **DENIED**;
3. Plaintiff's Motion for Entry of Judgment [Doc. No. 56] is **DENIED**;
4. Defendants' Motion for Summary Judgment [Doc. No. 60] is **GRANTED**
5. This Case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 4, 2014

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge